IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH L. HUNTER,                    )
                                      )
                 Plaintiff,           )
                                      )
          v.                          )          Civil Action No. 09-1664
                                      )
INDIANA SCHOOL DISTRICT,              )
                                      )
                 Defendant.           )

**MEMORANDUM ORDER**

Presently before the Court is Defendant Indiana School District's Motion for a More Definitive Pleading, wherein it requests that the Complaint filed against it by *pro se* Plaintiff Deborah Hunter be re-pled in order to more fully describe her claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Docket Nos. 6, 7). Upon consideration of Defendant's Motion (Docket No. [6]), Brief in Support (Docket No. [7]), Plaintiff's response to Defendant's motion (Docket No. [11]), and the allegations in Plaintiff's Complaint (Docket No. [3]), Defendant's Motion [6] is granted, in part, and denied, in part. Accordingly, as set forth below, Plaintiff shall file an Amended Complaint by **April 16, 2010**.

1.     *The Court's Show Cause Order*

The Court is mindful that Plaintiff is proceeding *pro se*, and, therefore, the factual allegations in her pleadings are liberally construed as she is held to a less stringent standard than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, *pro se* litigants are required to abide by the Federal Rules of Civil Procedure, this Court's Practices and

1

Procedures,[1] the Local Rules of Court for the Western District of Pennsylvania,[2] and all Orders issued by this Court.

Plaintiff initiated this action *pro se* by submitting a motion to proceed *in forma pauperis* and her Complaint on December 17, 2009. (Docket No. 1). Her motion to proceed *in forma pauperis* was granted by this Court on December 18, 2009 and her Complaint was filed on that date. (Docket Nos. 2, 3). After waiving service, Defendant responded to the Complaint by filing a motion for a more definitive statement on February 15, 2010. (Docket Nos. 6, 7). The Court then issued its standard Order on Motions Practice on February 16, 2010, which provided, in part that: "Responses to non-dispositive motions shall be filed within ten (10) days, not to exceed five (5) pages. No reply briefs to non-dispositive motions are permitted without leave of court. Responses to dispositive motions shall be filed within twenty (20) days. Responsive briefs are limited to twenty (20) pages in length." (Docket No. 8). Plaintiff did not respond to Defendant's motion for a more definitive pleading, and the Court issued a Show Cause Order on March 15, 2010 directing her to show good cause why she failed to respond to Defendant's motion. (Docket No. 9). As directed, Plaintiff filed two pleadings on March 25, 2010, which are properly construed as a response to the Court's Show Cause Order and a brief in opposition to the Defendant's motion for a more definitive pleading. (Docket Nos. 10, 11).

In response to the Court's Show Cause Order, Plaintiff apologizes for not responding to the

---

[1]

This Court's Practices and Procedures are available online at:
http://www.pawd.uscourts.gov/Documents/Public/Reference/JudgeNoraBarryFischer.pdf

[2]

The Local Rules of Court for the U.S. District Court for the Western District of Pennsylvania are available online at:
http://www.pawd.uscourts.gov/Documents/Forms/lrmanual.pdf

Order, explaining that she is not an attorney, is without the financial means to hire an attorney and that she did not understand that she was required to submit a response to the Defendant's motion. (Docket No. 10). She requests that the Court consider her response to the Defendant's motion, which she filed contemporaneously with her response to the Show Cause Order. (*Id*.). Given Plaintiff's representations, the Court finds that she has demonstrated good cause for her failure to respond to the Defendant's motion. In addition, Defendant has not been prejudiced by the delay nor opposed the late filing. Accordingly, the Court will consider her response to Defendant's motion for a more definitive statement as if it was timely filed.

      2.    *Defendant's Motion for a More Definitive Statement*

          a.    Applicable Legal Standards

Defendant has moved for an order of court requiring Plaintiff to set forth a more definitive statement of her claims in her Complaint. (Docket No. 6). Defendant bases its motion on Rule 12(e), which provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). Motions brought under Rule 12(e) are "disfavored," *Carpenters Combined Funds v. Klingman*, Civ. A. No. 10-63, 2010 WL 1007830, at *2 (W.D. Pa. March 15, 2010), and are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schadler v. Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir.1967).

The general requirements for the contents of complaints are set forth in Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain a "short, plain statement of

the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." FED.R.CIV.P. 8(a), 8(d).  In addition, a complaint must contain sufficient factual allegations to make any claim for relief requested "plausible" on the face of the Complaint.  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "No technical form" for a complaint is required except as set forth in Rule 10 of the Federal Rules of Civil Procedure.  Rule 10(b) requires that "[a] party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED.R.CIV.P. 10(b).  Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." FED.R.CIV.P. 10(b).

          b.      Plaintiff's Allegations

The Court now turns to the allegations in Plaintiff's Complaint, which consists of six pages of factual statements organized in unnumbered bullet points. (Docket No. 3).  Plaintiff's daughter, Haley, is 18 years old and a senior at Indiana Area School District, Indiana, PA.  (Docket No. 3 at 1).  Plaintiff alleges that the Defendant failed to provide a free and appropriate public education ("FAPE") to her daughter and that she "wishes to appeal" the decision of Hearing Officer Daniel J. Meyers dated September 19, 2009.  (*Id.*).  She also states that the Defendant "discriminated" against Haley.  (*Id.*).

Haley is diagnosed with "High Functioning Autism, Depression NOS 3011, Anxiety Disorder, NOS 300.00, Mathematics Disorder 315, Allergies, [and] frequent nosebleeds." (*Id.*).  Haley's "psychosocial stressors include peer related issues and conflicts; learning problems including auditory and visual processing issues." (*Id.* at 1-2).  Lawrence R. Sutton, Ph.D., Licensed Psychologist, has diagnosed Haley with a moderate-severe GAF of 48 and a current GAF of 45.  (*Id.*

at 2). Plaintiff details the learning difficulties that affect her daughter, particularly Mathematics, Algebra and Geometry, and explains her further difficulties with practical applications of these disciplines. (*Id*.). Plaintiff contends that despite being a senior at Indiana High School, Haley is still at a 3rd or 4th grade level in math. (*Id*.). Haley also has difficulty in other courses including Reading, English, History, Economics, Art and Health class. (*Id*. at 2-3).

Plaintiff maintains that Haley has received high grades, A's and B's, from Indiana School District but that her report cards are not a true measure of her performance. (*Id*. at 4). Plaintiff believes that Haley receives high marks because she is permitted to take tests in a resource room with assistance from an aide or teacher, who help her answer the questions on the tests. (*Id*.). In Plaintiff's view, a better measure of Haley's performance are her poor results received in PSSA testing, and she attaches a copy of Haley's PSSA results from the Spring of 2009 to her Complaint. (*Id*. at 4-5, 8-12).

Plaintiff contends that Haley's teachers and aides are not properly preparing her and that her individualized educational plan ("IEP") is not being met. She believes that Defendant should have acknowledged Haley's diagnosis in 2002, and has never provided Haley with "appropriate services to remedy her educational deficits." (*Id*. at 5). As a result, Haley "does not have the necessary skills to be successful, independent and productive to achieve her goals in life" including to attend college and become a teacher. (*Id*.). Plaintiff further alleges that on the same day she received the Hearing Officer's decision, she inadvertently received an email from the Indiana School District Coordinator of Learning Support which was intended for the Superintendent. (*Id*.). The top of the email stated "THANK GOODNESS," which Plaintiff believes violates her daughter's privacy rights and shows a lack of professionalism by those individuals. (*Id*.). After receiving this email, Plaintiff emailed

5

the Superintendent, who did not respond to her.  (*Id*.).

Plaintiff states that attempting to help her daughter and dealing with the Defendant throughout her daughter's education has been difficult and has required continuous effort by her, the other members of her family and friends.  (*Id*. at 6).  She notes that Haley has "lost much," which she will never be able to get back and that no "amount of money can repair all of what she has lost." (*Id*.).  Plaintiff further states that her family "cannot afford to remove Haley from [the] inappropriate public school [where she is presently enrolled] and pay tuition for a private placement and all the expenses of due process and [an] appeal plus meet her health and mental needs."  (*Id*.).  In her final paragraph, Plaintiff requests compensatory education for Haley, that Haley be placed in another school, as decided by her and her husband and $500,000 in damages for her daughter.[3]  (*Id*.).

c.    Analysis

In its motion, Defendant concedes that Plaintiff has alleged an IDEA action, specifically, an appeal of the Hearing Officer's decision referenced in the Complaint, but requests that Plaintiff set forth a more definitive statement of her IDEA claims or any additional claims which she may be

_____

[3]

Plaintiff has also attached a personal letter to the Complaint which reads as follows:

Dear Appeals Judge:

I have found that this procedure [has been] overwhelming, exhausting and just about impossible for me to do.  Yet I somehow just had to do what I could for my daughter.  I can only imagine how she has felt her entire school years at Indiana Area School District.

The journey continues for Haley and hopefully good will come out of this for Haley.

Respectfully,

*/s Deborah Hunter*
12-17-09

6

pursuing.  Given that the Plaintiff is *pro se*, this Court is required to construe her pleadings liberally and also to "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name."  *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).  Therefore, the fact that Plaintiff's Complaint does not specifically allege any statutory provisions upon which her action is based or identify any additional discrete causes of action under which she seeks relief does not, by itself, require a more definitive statement.  Moreover, upon consideration of Plaintiff's Complaint and her response to the Defendant's motion wherein she plainly states that she has "appealed the Hearing Officer, Daniel J. Meyers' decision dated September 19th, 2009," Plaintiff has clearly invoked her right to appeal the decision of the Hearing Officer pursuant to the Individuals with Disabilities in Education Act,  20 U.S.C. §§ 1400, *et. seq* ("IDEA").

The Supreme Court of the United States has held that "[t]he goals of IDEA include ensuring that all children with disabilities have available to them a free appropriate public education and ensuring that the rights of children with disabilities and parents of such children are protected." *Winkelman v. Parma City School Dist.,* 550 U.S. 516, 127 S.Ct. 1994, 2000 (2007) (citing 20 U.S.C. §§ 1400(d)(1)(A)-(B) (2000 ed., Supp. IV)).  In *Winkelman*, the Supreme Court defined free appropriate public education, or FAPE, pursuant to an independent educational plan ("IEP") in the following manner:

> an educational instruction specially designed to meet the unique needs of a child with a disability, coupled with any additional related services that are required to assist a child with a disability to benefit from that instruction.  The education must, among other things, be provided under public supervision and direction, meet the standards of the State educational agency, and include an appropriate preschool, elementary school, or secondary school education in the State involved.  The instruction must, in addition, be provided at no cost to parents.

*Winkelman*, 550 U.S. at 524-25 (internal citations omitted).

The "IDEA places on the states the primary responsibility for satisfying the goals of the statute. IDEA, described by several courts as a model of 'cooperative federalism', authorizes federal funding for states providing the special education that the statute requires, but funding is contingent on state compliance with its array of substantive and procedural requirements, 20 U.S.C. § 1412." *Beth V. by Yvonne V. v. Carroll*, 87 F.3d 80, 82 (3d Cir. 1996) (internal citations omitted).   The IDEA also provides that this Court shall have judicial review over the state administrative proceedings.   Specifically, the IDEA provides that:

> any party aggrieved by the findings and decision [of the administrative proceedings] ... shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

22 U.S.C. § 1415(i)(2)(A).

With respect to Defendant's request for a more definitive statement as to Plaintiff's IDEA claim, the Court does not believe that Plaintiff's allegations are so vague or ambiguous as to prevent the Defendant from articulating a response or raising any applicable defenses.   *See* FED.R.CIV.P. 12(e). Indeed, despite stating that it is "impossible" to respond to Plaintiff's Complaint, Defendant also identifies a number of potentially applicable defenses that it would raise at this juncture in the form of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), including a motion to dismiss for failure to exhaust administrative remedies, that Plaintiff's claims are untimely based on the applicable statute of limitations, that Plaintiff's request for compensatory or punitive damages

be dismissed, and that any additional materials attached to Plaintiff's Complaint should be stricken.[4] (Docket No. 7).  Moreover, as Defendant was a party to the administrative proceedings, it is plainly aware of the facts related to Plaintiff's appeal, including the issues initially raised in Plaintiff's due process complaint, any evidence presented during the administrative hearing, and the parties' respective contentions raised during the hearing.  This further undermines Defendant's contention that a more definitive statement of this claim is necessary.

Defendant has also requested a more definitive statement regarding whether Plaintiff's daughter, Haley, is also a party to this case because Plaintiff has alleged that she is "representing" her daughter in this action.  In this Court's estimation, a more definitive statement of Haley's claims is not warranted, as Plaintiff, a non-attorney parent, cannot represent her daughter in a lawsuit in federal court.  In *Winkelman*, the Supreme Court held that parents have substantive rights under the IDEA, and that they can prosecute IDEA claims on their own behalf *pro se* in federal court.[5] *Winkelman,* 550 U.S. at 526; *see also Chambers ex rel Chambers v. Sch. Dist. of Philadelphia Bd of Educ.*, 587 F.3d 176, 183 (3d Cir. 2009).  The scope of a parent's rights under the IDEA is "not limited to certain procedural and reimbursement-related matters, [but] encompass the entitlement to a free appropriate public education for the parents' child."  *Winkelman*, 550 U.S. at 533.  However, the Supreme Court expressly declined to address the issue of "whether IDEA entitles parents to litigate their child's claims *pro se*."  *Id.* at 535.  As a result, post-*Winkelman*, it remains

---

[4]

This Court has previously addressed many of these issues in the matter of *J.L. v. Ambridge Area School District*, Civ. A. No. 06-1652.  *See J.L.*, 622 F.Supp.2d 257 (W.D.Pa. Feb 22, 2008); 2008 WL 2798306 (W.D.Pa. Jul. 18, 2008); 2009 WL 1119608 (W.D.Pa. Apr. 27, 2009).

[5]

This Court has previously held that parents have standing to bring IDEA claims against a school district in their own right.  *J.L.*, 622 F.Supp.2d at 265.

"well-established in this Circuit that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court." *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998)(citing *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 883 (3d Cir.1991)), *abrogated on other grounds*, *Winkelman*, 550 U.S. 516 (2007); *see e.g., Woodruff et al v. Hamilton Twp. Public Sch.*, et al., 305 Fed.Appx. 833, 836-37 (3d Cir. 2009)(not precedential); *Muse B. v. Upper Darby Sch. Dist.*, 282 Fed.Appx. 986 (3d Cir. 2008)(not precedential). Therefore, while Plaintiff can maintain her IDEA claim against Defendant, she cannot prosecute her daughter's claims, given the current state of the law.

As to Defendant's request for a more definitive statement regarding any claims raised by Plaintiff in her Complaint in addition to her IDEA claim, the IDEA explicitly provides that "[n]othing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973 [29 USC §§ 790 et seq.], or other Federal laws protecting the rights of children with disabilities," 20 U.S.C. § 1415( l), thereby permitting a student to recover under different legal theories as a result of a deprivation of a free appropriate public education. However, as Plaintiff, a non-attorney, cannot represent her daughter in this action, she cannot advance additional claims on her daughter's behalf. Plaintiff may be able to advance claims against Defendant in her own right, but, even liberally construing the allegations in her Complaint, it does not appear to the Court that the Plaintiff has raised any such claims at this time.

While the Court does not believe that a more definitive statement of Plaintiff's IDEA claim is warranted or necessary for the reasons set forth above, in this Court's estimation, Plaintiff must amend her Complaint in order to comply with Rule 10 of the Federal Rules of Civil Procedure.

Plaintiff's presentation of her factual allegations in unnumbered bullet points violates Rule 10(b),[6]
which requires that a "[a] party must state its claims or defenses in numbered paragraphs, each
limited as far as practicable to a single set of circumstances." FED.R.CIV.P. 10(b).  Plaintiff must file
an Amended Complaint in order to cure this defect.

The Court further notes that Plaintiff's response to the Defendant's motion appears to contain
additional factual allegations which were not included in her initial Complaint.  (*See* Docket No. 11).
Plaintiff is advised that all factual allegations upon which her IDEA claim relies should be included
in her Amended Complaint.  In addition, to the extent that Plaintiff intends to raise any additional
claims, they must also be contained in her Amended Complaint.  Pursuant to Rules 8 and 10,
Plaintiff's Amended Complaint shall contain a short, plain statement of her claims, the allegations

---

[6]

In its entirety, Rule 10 provides that:

(a) Caption; Names of Parties. Every pleading must have a caption
with the court's name, a title, a file number, and a Rule 7(a)
designation. The title of the complaint must name all the parties; the
title of other pleadings, after naming the first party on each side, may
refer generally to other parties.

(b) Paragraphs; Separate Statements. A party must state its claims or
defenses in numbered paragraphs, each limited as far as practicable
to a single set of circumstances. A later pleading may refer by number
to a paragraph in an earlier pleading. If doing so would promote
clarity, each claim founded on a separate transaction or
occurrence--and each defense other than a denial--must be stated in
a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may
be adopted by reference elsewhere in the same pleading or in any
other pleading or motion. A copy of a written instrument that is an
exhibit to a pleading is a part of the pleading for all purposes.

FED.R.CIV.P. 10.

supporting her claims should be "short, concise and direct" and her allegations must be set forth in numbered paragraphs, thereby permitting the Defendant to respond to each of her allegations.

Finally, as Plaintiff is appealing a decision of Hearing Officer Daniel J. Meyers dated September 19, 2009, the administrative record upon which that decision relied is needed in order for this Court to adjudicate her appeal.[7]   To this end, Plaintiff must contact the Pennsylvania Office of Dispute Resolution, advise that office that she has appealed the decision of Hearing Officer Myers in the United States District Court for the Western District of Pennsylvania, that her appeal is filed at Civil Action Number 09-1664, and request that the administrative record be transmitted to the Clerk of Court for the United States District Court for the Western District of Pennsylvania.

3.    *Conclusion*

Based on the foregoing, it is hereby ORDERED that Defendant's Motion for a More Definitive Pleading [6] is granted, in part, and denied, in part.  Defendant's motion is denied to the extent it requests that Plaintiff be ordered to set forth a more definitive statement of her IDEA claim, any additional claims, or her daughter's claims.  Defendant's motion is granted to the extent it argues that Plaintiff's Complaint as filed violates Rule 10 of the Federal Rules of Civil Procedure.

It is further ORDERED that Plaintiff shall file an Amended Complaint in accordance with

---

[7]

Specifically, the IDEA provides that:

> [i]n any action brought under this paragraph, the court--(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

22 U.S.C. § 1415(i)(2)(C).

the directives contained in this Memorandum Order by **Friday, April 16, 2010**.

Finally, Plaintiff is advised that failure to abide by this Court's Orders, including the deadlines set forth in this Memorandum Order, may result in the imposition of sanctions or dismissal of this action for failure to prosecute.

_s/Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

Date:   March 31, 2010

cc/ecf:  All counsel of record.

Deborah Hunter
1205 Oak Street
Indiana, PA 15701
(regular and certified mail)